IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN HILL, # B-80803, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-645-JPG |
| ) | |
| S. A. GONDINEZ, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where he is serving a two-year sentence for retail theft. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages because Defendant Gondinez (the Director of the Illinois Department of Corrections, "IDOC") has failed to award him Supplemental Sentence Credit that would reduce the duration of his imprisonment.

Plaintiff asserts, without citing to any authority, that the IDOC was ordered by the United States Supreme Court and the Illinois Supreme Court to resume giving Supplemental Sentence Credit ("SSC"), also known as "good time" to inmates (Doc. 1, p. 5). He claims that a law went into effect on February 1, 2013, requiring the IDOC to award SSC, but that only 17 inmates have received this credit since that time. As a result, the state prisons have become seriously overcrowded. He believes that Defendant Gondinez and other officials are "keeping the system overcrowded for financial gain." *Id*.

Plaintiff claims to have a good record in prison with no infractions, and has received SSC in the past during a previous incarceration. He has already served nine months of his current

two-year sentence, and claims he should be eligible to receive SSC.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

The Illinois statutes provide for automatic good-conduct sentence credit, which is applied to all eligible sentences (for example, day-for-day good time, or credit of 4.5 days per month served for certain listed felonies).  730 ILL. COMP. STAT. 5/3-6-3(a)(2) - (a)(2.6).  Inmates may also be eligible for additional sentence credits for participation in educational or rehabilitative programs.   730 ILL. COMP. STAT. 5/3-6-3(a)(1); (a)(4) - (a)(4.6).  The additional Supplemental Sentence Credit ("SSC") referred to by Plaintiff is described in § 5/3-6-3(a)(3).  This section provides that the IDOC Director "*may* award up to 180 days additional sentence credit for good conduct in specific instances as the Director deems proper" (emphasis added).  No inmate may receive this additional credit unless he has served a minimum of 60 days of his sentence, and prisoners convicted of certain offenses are limited to an award of only 90 days SSC.  Eligible inmates "may be selected to receive the credit at the Director's or his or her designee's *sole discretion*."  730 ILL. COMP. STAT. 5/3-6-3(a)(3) (emphasis added).

The IDOC suspended the award of this type of meritorious good-conduct credit in late 2009.  *See* Patrick Yeagle, *Illinois Starts Giving Prison Inmates Release Credits*, ILLINOIS TIMES, Feb. 28, 2013, http://www.illinoistimes.com/Springfield/article-11086-illinois-starts-givi.html; *Nitz v. Randle*, No. 4-11-0969, 2012 WL 7037613, at *1, 3 (Ill. App. Sept. 14, 2012).  Since that

time, new legislation was enacted authorizing the SSC program, and administrative regulations have been adopted to implement the granting of SSC to prisoners. ILL. ADMIN. CODE tit. 20, § 107.210 (effective Feb. 1, 2013). This Court is not aware of any U.S. or Illinois Supreme Court order requiring the IDOC to reinstate these sentence credits, as Plaintiff claims.

Plaintiff may in fact meet the eligibility criteria to qualify for consideration for an SSC award. However, he has no constitutionally-protected right to this type of discretionary sentence credit. By the plain terms of the statute and administrative regulations, an award of additional SSC is not mandatory, and the Director has sole discretion to grant this benefit or not. Unlike the automatic day-for-day sentence credit, no prisoner has an entitlement to receive a supplemental sentence credit award. Thus, Plaintiff has no liberty interest on which to base a civil rights claim. *See Shango v. Jurich*, 681 F.2d 1091, 1099-1100 (7th Cir. 1982) (prison regulation that established procedures for officials to exercise their discretion to transfer inmates from one prison to another did not limit that discretion or create a protected substantive liberty interest for inmate to remain in any given placement). *See also People ex rel. Braver v. Washington*, 724 N.E.2d 68, 73-74 (Ill. App. 1999) (inmate was not entitled to award of meritorious good time where such award rested within the discretion of the IDOC Director under [730 ILL. COMP. STAT. 5/]3-6-3; reversing grant of mandamus petition).

Accordingly, Plaintiff's complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed with prejudice.

**Filing Fee**

When Plaintiff submitted his complaint, he did not pay the filing fee of $400.00,[1] nor did he file a motion for leave to proceed *in forma pauperis* ("IFP"). He has submitted two inmate

---

[1] Effective May 1, 2013, an additional $50.00 administrative fee was added to the basic $350.00 fee for the filing of any civil action in a U.S. District Court. However, the new $50.00 fee does not apply to persons granted IFP status.

trust fund statements (Docs. 2, 6), which indicates that he may intend to seek IFP status. The Clerk of Court notified Plaintiff by letter dated July 8, 2013 (Doc. 5), that he must submit a completed motion for leave to proceed IFP as well as his full inmate trust fund statement for the last six months, within 30 days (by August 8, 2013) in order to avoid dismissal of this case. A blank IFP motion was also mailed to him.

If Plaintiff submits a motion for leave to proceed IFP by the above deadline and is granted IFP status, an order shall enter that Plaintiff shall pay a filing fee of $350.00 for this action, to be deducted and paid in installments from Plaintiff's trust fund account pursuant to 28 U.S.C. § 1915 until the filing fee is paid in full. On the other hand, if Plaintiff fails to file a motion for leave to proceed IFP by **August 8, 2013**, or if his IFP motion is denied, he shall be ordered to pay a filing fee of $400.00, which shall likewise be deducted in installments from his trust fund account.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00

appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 25, 2013**

s/ J. PHIL GILBERT  
United States District Judge